NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5009-14T1

NJA NEWARK BETH ISRAEL
ANESTHESIA ASSOCIATES LLC,

 Plaintiff-Respondent,

v.

ANTHONY NWAKA,

 Defendant-Appellant.

_________________________________

 Argued October 19, 2016 – Decided October 25, 2017

 Before Judges Fuentes and Carroll.

 On appeal from Superior Court of New Jersey,
 Law Division, Special Civil Part, Union
 County, Docket No. DC-012361-13.

 Anthony Nwaka, appellant, argued the cause pro
 se.

 Lawrence J. McDermott, Jr. argued the cause
 for respondent (Pressler and Pressler, LLP,
 attorneys; Mr. McDermott, on the brief).

 The opinion of the court was delivered by

FUENTES, P.J.A.D.

 Defendant Anthony Nwaka appeals from the May 6, 2015 order

entered by the Law Division, Special Civil Part, denying his motion
to vacate and reconsider orders entered by the court on February

4, 2014, granting summary judgment to plaintiff NJA Newark Beth

Israel Anesthesia Associates, LLC. Defendant also seeks reversal

of an order entered on April 2, 2015, granting plaintiff's motion

to turn over funds held at Wells Fargo Bank.1 This case originated

as a collection action filed by plaintiff seeking payment of unpaid

medical fees in the amount of $514.07.

 In a written decision entered on May 6, 2015, Judge John M.

Deitch explained that defendant's motion filed pursuant to Rule

4:50-1(a) challenging the grant of summary judgment to plaintiff

was not properly before the Special Civil Part because defendant

did not "establish excusable neglect. . . ., exceptional

circumstances. . . or other equitable considerations . . . to

support vacating Judge Pisanky's order granting summary judgment."

With respect to defendant's motion for reconsideration pursuant

to Rule 4:49-2, Judge Deitch found such a motion was "not an avenue

to submit opposition where none was timely filed."

 In this appeal, defendant has raised a number of arguments

challenging Judge Deitch's decision. None of these arguments have

1
 In an order entered on August 17, 2015, our colleague Judge
Sabatino made clear that defendant's motion seeking leave to appeal
orders entered by the trial court on January 1, 2014, February 4,
2014, and April 2, 2015 was denied as untimely pursuant to Rule
2:4-1(a) and Rule 2:4-4(a). Thus, our scope of review here is
limited to the May 6, 2015 order.

 2 A-5009-14T1
sufficient merit to warrant discussion in a written opinion. R.

2:11-3(e)(1)(E). We affirm substantially for the reasons

expressed by Judge Deitch.

 Affirmed.

 3 A-5009-14T1